Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

December 07, 2007

**Appeal Number: 07-12594-JJ**
Case Style: USA v. Jorge Alberto Del Cid
District Court Number:  07-00064 CR-A-N

TO:   Debra P. Hackett

CC:   Donnie Wayne Bethel

CC:   Christine A. Freeman

CC:   Stephen P. Feaga

CC:   Hon. Susan Russ Walker

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

December 07, 2007

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

**Appeal Number: 07-12594-JJ**
Case Style: USA v. Jorge Alberto Del Cid
District Court Number:  07-00064 CR-A-N

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 07-12594

District Court Docket No.
07-00064-CR-A-N



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov 8, 2007
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

JORGE ALBERTO DEL CID,

    Defendant-Appellant.

------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Alabama

------------------------------------------------------------

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



Entered:   November 8, 2007
For the Court:   Thomas K. Kahn, Clerk
By:   Jackson, Jarvis

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
                            FILED
                       U.S. COURT OF APPEALS
                         ELEVENTH CIRCUIT
                          NOVEMBER 8, 2007
                          THOMAS K. KAHN
                              CLERK
```

No. 07-12594
Non-Argument Calendar

D. C. Docket No. 07-00064-CR-A-N

UNITED STATES OF AMERICA,

                                                                              Plaintiff-Appellee,

versus

JORGE ALBERTO DEL CID,

                                                                              Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

**(November 8, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jorge Alberto Del Cid appeals his 24-month sentence imposed after he pled guilty to reentering the United States after having been previously deported, without obtaining the permission of the Secretary of Homeland Security or the Attorney General, in violation of 8 U.S.C. § 1326(a). Del Cid contends his sentence is both procedurally and substantively unreasonable. He contends the sentence is procedurally unreasonable because the district court single-mindedly focused on the goal of deterrence to the detriment of all of the other 18 U.S.C. § 3553(a) factors. Del Cid asserts the sentence is substantively unreasonable because it is four times the high end of his Guidelines range of zero to six months, at the statutory maximum, and far greater than necessary to accomplish the goals of sentencing.

After the district court has correctly calculated the Guidelines range, we review the final sentence for reasonableness. *United States v. Williams*, 435 F.3d 1350, 1353 (11th Cir. 2006). "After [*United States v. Booker*, 125 S. Ct. 738 (2005)], a sentence may be reviewed for procedural or substantive unreasonableness. A sentence may be unreasonable if it is the product of a procedure that does not follow *Booker*'s requirements, regardless of the actual sentence. Additionally, a sentence may be substantively unreasonable, regardless of the procedure used." *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir.

2

2006). A defendant challenging his sentence bears the burden of establishing that it is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

"When reviewing a sentence for reasonableness, we must evaluate whether the sentence achieves the purposes of sentencing as stated in 18 U.S.C. § 3553(a)." *United States v. Williams*, 456 F.3d 1353, 1360 (11th Cir. 2006), *cert. dismissed*, 127 S. Ct. 3040 (2007). The factors presented in § 3553(a) include

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)). The weight to be accorded any given statutory factor is a matter committed to the sound discretion of the district court. *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006).

In *United States v. Crisp*, 454 F.3d 1285, 1290-92 (11th Cir. 2006), we found a five-hour term of imprisonment was unreasonable. Although the district court stated "the sentence reflects the seriousness of the offense, provides just punishment, affords adequate deterrence and adequately protects the public," we noted the district court's primary concern at sentencing was restitution, and the

3

brief sentence was imposed so the defendant could earn money to make restitution payments. *Id.* at 1290. We noted "a district court's 'unjustified reliance upon any one [§ 3553(a)] factor is a symptom of an unreasonable sentence,'" and concluded that "[t]he district court focused single-mindedly on the goal of restitution to the detriment of all of the other sentencing factors. An unreasonable approach produced an unreasonable sentence." *Id.* at 1292.

Del Cid's sentence was not procedurally unreasonable because the district court did not focus single-mindedly on one of the sentencing factors to the detriment of all of the others. The district court not only mentioned, but discussed, the Guidelines range, the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to promote respect for the law, specific and general deterrence, and the need to protect the public. *See* 18 U.S.C. § 3553(a). Additionally, the district court's sentence did not operate to the detriment of the sentencing factors. The sentence in *Crisp* did not serve the non-restitution sentencing factors because, by eliminating any real incarceration in favor of maximizing the defendant's ability to pay restitution, it did "not reflect the seriousness of the crime, promote respect for the law, and provide just punishment for the offense, as § 3553(a)(2)(A) requires, nor [did] it

4

afford adequate deterrence to criminal conduct, as § 3553(a)(2)(B) requires." *Id.* By contrast, Del Cid's sentence actually promoted these sentencing factors.

Further, Del Cid's sentence was not substantively unreasonable. The district court considered the § 3553(a) factors, and found the Guidelines range did not produce a sentence sufficient to achieve the statutory purposes of sentencing. While Del Cid's sentence was four times the high end of the Guidelines range, any upward variance from an extremely short Guidelines range will necessarily be a proportionally large increase. In light of these considerations, the district court's determination that a two-year sentence was required was not unreasonable.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia